IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Bureau of Consumer Financial Protection, | ) | |
| | ) | Case No. 1:20-cv-06879 |
| *Plaintiff,* | ) | |
| | ) | Judge John J. Tharp |
| v. | ) | |
| | ) | |
| FDATR, Inc., *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT DEAN TUCCI**

Plaintiff Bureau of Consumer Financial Protection (Bureau) respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 56, for summary judgment in its favor and against Defendant Dean Tucci. In support of its Motion, the Bureau states the following:

1. On November 20, 2020, the Bureau filed a Complaint against Defendant Dean Tucci and his company FDATR, Inc. (FDATR) for (1) deceptive and abusive telemarketing acts or practices that violate the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. §§ 6101–6108, and the Telemarketing Sales Rule (TSR), 16 C.F.R. §§ 310.3, 310.4, and (2) deceptive acts or practices that violate §§ 1031 and 1036 of the Consumer Financial Protection Act of 2010 (CFPA), 12 U.S.C. §§ 5531, 5536.[1] The Bureau sought injunctive relief to enjoin the Defendants from further violating the TSR and CFPA, along with additional relief as the Court may deem just and proper, including the recission of contracts; monetary relief against Defendants, including the refund of monies paid and restitution; disgorgement of ill-

[1] Defendant Kenneth Wayne Halverson is now deceased and was voluntarily dismissed on February 26, 2021. ECF Nos. 17-18.

gotten revenues against Defendants; civil money penalties against Defendants; and the costs of bringing this action.

2. FDATR was served on November 25, 2020, and failed to answer the Bureau's Complaint. Ultimately the Court entered default judgment against the company on February 7, 2022.[2]

3. With default judgment entered against it, FDATR's liability for the claims the Bureau asserted against it is established.

4. The only issue that remains to be decided in this action is Defendant Tucci's liability.

5. Summary judgment is appropriate because the undisputed facts prove Defendant Tucci is liable under both the TSR and the CFPA for FDATR's violations. Tucci founded and controlled every aspect of FDATR, including its advertising, telemarketing, and finances, and the Bureau is entitled to judgment against him.

6. Defendant Tucci is liable as a "seller" under the TSR because he arranged for FDATR to provide its debt-relief and credit-repair services through telemarketing.

7. Defendant Tucci is also liable under the TSR for assisting and facilitating FDATR's violations. He provided substantial assistance or support to FDATR and knew or consciously avoided knowing of FDATR's misrepresentations.

8. With respect to the CFPA violations, Defendant Tucci is liable as both a "related person" and a "covered person." Accordingly, he is liable for FDATR's violations of the CFPA because he participated in and had the ability to control FDATR's deceptive acts and knew or was at least recklessly indifferent to the truth or falsity of FDATR's misrepresentations.

---

[2] ECF No. 50.

For the reasons above, and those set forth in the Bureau's accompanying Memorandum in Support of Plaintiff's Motion for Summary Judgment Against Defendant Dean Tucci and Statement of Material Facts, the Bureau respectfully requests that this Court enter an order:

A. Granting summary judgment in favor of the Bureau and against Defendant Dean Tucci on all counts of the Complaint;

B. Permanently enjoining Defendant Tucci from engaging in similar conduct and further violating the TSR and CFPA;

C. Awarding monetary relief against Defendant Tucci, including the refund of monies paid and equitable restitution in the amount of $2,117,133.28;

D. Imposing civil money penalties against Defendant Tucci in the amount of $41,123,897; and

E. And awarding the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

Dated: October 14, 2022

Respectfully submitted,

/s/ Carmen Christopher
Carmen L. Christopher (CA Bar No. 231508)
Telephone: (202) 754-0329
carmen.christopher@cfpb.gov
Kristina D. Betts (AZ Bar No. 024859)
Telephone: (202) 834-2723
kristina.betts@cfpb.gov
Bureau of Consumer Financial Protection
1700 G Street, NW
Washington DC, 20552

*Attorneys for Plaintiff*
*Bureau of Consumer Financial Protection*