IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Bureau of Consumer Financial Protection, | ) | |
| | ) | Case No. 1:20-cv-06879 |
| *Plaintiff,* | ) | |
| | ) | Judge Georgia N. Alexakis |
| v. | ) | |
| | ) | |
| FDATR, Inc., *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT DEAN TUCCI'S MOTION FOR SUMMARY JUDGMENT**

Undeterred by the Court's January 10, 2025, Memorandum Opinion and Order (Summary Judgment Order) granting summary judgment in favor of the Bureau and finding Defendant Tucci liable for the acts of FDATR, Inc.,[1] Tucci filed his own Motion for Summary Judgment on January 22, 2025.[2] Tucci's decision to file his Motion is confounding—it is simply a rehashing of his Opposition to the Bureau's Motion for Summary Judgment[3] and asks the Court to effectively overturn the decision it made twelve days prior. Although this Court typically disfavors motions to strike, such motions were made for exactly this type of situation.[4]

[1] ECF No. 106, Mem. of Opinion and Order (Summ. J. Order).
[2] Bureau counsel presumes that the Motion for Summary Judgment was on behalf of Def. Tucci, but it is unclear whether it is on behalf of FDATR as well. ECF No. 107 (Mot. introduction states "Defendant FDATR, Inc. et. al respectfully moves this Court….").
[3] ECF No. 102, Def.'s Opp. to Pl.'s Mot. Summ. J. (Def.'s Opp.).
[4] *See Custom Vehicles, Inc. v. Forest River, Inc*., 464 F.3d 725, 727 (7th Cir. 2006) (Easterbrook, J., in chambers) (explaining that "the court sometimes strikes entire briefs … because they so substantially violate the Rules of Appellate Procedure that it would not be worth judicial time to work through them" and "[j]udicial orders that control the conduct of an appeal will be enforced, if necessary by striking a brief"); *see also*, *Vakharia v. Little Co. of Mary Hosp*., No. 94-cv-5599, 2002 WL 485362, *3-5 (N.D. Ill. 2002) (striking responsive summary judgment filing for being untimely and failing to comply with Local Rule 56.1 because, for example, memorandum was "replete with legal and factual conclusions without any basis to support them" and argued issues previously decided by the Court).

While Tucci's counsel objects to the Bureau's request,[5] the Court should strike Tucci's Motion because (1) the Court already disposed of the issues raised when it granted the Bureau summary judgment and (2) it is untimely and defective.

Though Tucci somehow contends that the Court entered *partial* summary judgment in favor of the Bureau,[6] the record is clear—the Court granted the Bureau's Motion in its entirety on Tucci's liability, leaving open only questions about the applicability of recent Supreme Court precedent to the restitution and civil money penalty amounts sought in this case.[7] Tucci, however, opted to file a new Motion that merely repackages his Opposition to the Bureau's Motion for Summary Judgment. And it essentially asks the Court to relitigate both its entry of Default Judgment and Order Against FDATR and its recent Summary Judgment Order.[8] There is no place for this kind of do-over in federal court. Because the Court's prior orders already addressed the issues raised in Tucci's Motion, neither the Court nor the Bureau should have to use more time and resources entertaining this frivolous filing.

Tucci's motion additionally warrants being struck because it is untimely and non-compliant with the Federal Rules of Civil Procedure and the Local Rules. First, Tucci's motion comes more than two years too late.[9] Discovery in this case closed in August 2022—twenty-eight months ago.[10] During an August 31, 2022, status hearing, the Court addressed summary

[5] Counsel for both parties conferred on January 27, 2025, and could not resolve the issues raised in this Motion to Strike. With respect to a briefing schedule, Defendant Tucci's counsel proposed a response date of February 13, 2025, and counsel for the Bureau proposes a reply date of February 27, 2025, if necessary to address new issues raised in Tucci's response.
[6] ECF No. 107, Mem. in Supp. of Def.'s Mot. Summ. J. (Def.'s Mem.) at 3.
[7] ECF No. 106, Summ. J. Order, at 1, 11-13.
[8] ECF Nos. 50, Default J. and Order against FDATR, and 106, Summ. J. Order.
[9] *See Borrelli v. Unumprovident Corp*., No. 01-cv-6938, 2002 WL 31319476, *5 (N.D. Ill. 2002) (striking untimely cross-motion for summary judgment); *see also Little v. Thompson*, No. 21-cv-1188, 2022 WL 15523046, *1 (E.D. Wis. 2022) (striking untimely summary judgment motion); *Anderson v. LaSalle Steel Co*., No. 07-cv-0169, 2009 WL 857511, *5-7 (N.D. Ind. 2009) (striking and finding no excusable neglect for untimely summary judgment motion).
[10] ECF Nos. 75, 77.

judgment and set a briefing schedule for the Bureau's anticipated filing—Tucci neither indicated an intent to file for summary judgment nor sought a briefing schedule.[11] The Bureau filed its Motion for Summary Judgment on October 14, 2022. After two years and three requests for more time, Tucci responded on November 21, 2024, but not once during that extended period did he so much as hint that he would file his own cross motion or seek leave to do so.[12]

Second, Tucci's filing fails to abide by Federal Rule of Civil Procedure 56 and Local Rule 56.1, despite the Court finding in its Summary Judgment Order that his opposition failed to comply with those rules, which led the Court to "consider[] the properly supported facts in the Bureau's filings undisputed."[13] Ignoring the Court's earlier admonition, Tucci's Motion fails to include a Statement of Facts as required by Local Rule 56.1(d), cites to no record evidence, and attaches no evidentiary materials to support the statements in his motion and memorandum.[14] The Local Rules governing summary judgment are not mere technicalities, but rather they "assist the court by organizing the evidence, identifying undisputed facts, and demonstrating precisely how each side proposed to prove a disputed fact with admissible evidence[,]…. and facilitate[e] an early end to cases that do not require a full trial"[15] A filing as deficient as the one at issue here should not be allowed to stand.[16]

---

[11] ECF No. 77.

[12] *Reales v. Consolidated Rail Corp.*, 84 F.3d 993, 996 (7th Cir. 1996) ("The district courts must manage a burgeoning caseload, and they are under pressure to do so as efficiently and speedily as they can, while still accomplishing just outcomes in every civil action…. Part of that job means that they are entitled—indeed they must—enforce deadlines.") (citations omitted).

[13] ECF No. 106, Summ. J, Order at 2.

[14] *See* LR 56.1(a)(2), (d)(2)-(3).

[15] *Markham v. White*, 172 F.3d 486, 490 (7th Cir. 1999); *see also, Bordelon v. Chicago School Reform Bd. of Trustees*, 233 F.3d 524, 527 (7th Cir. 2000) ("Given their importance, we have consistently and repeatedly upheld a district court's discretion to require strict compliance with its local rules governing summary judgment.").

[16] *See Lewis v. Dominick's Finer Foods, LLC*, No. 13-cv-0530, 2015 WL 2128597, *2-3 (N.D. Ill. 2015) (striking summary judgment for non-compliance with Local Rule 56.1); *see also Bell v. Potter*, No. 00-cv-50014, 2001 WL 1636891, *1 (N.D. Ill. 2001) (striking response to summary judgment for failing to comply with local rules).

Dated: January 27, 2025

Respectfully submitted,

/s/ Carmen Christopher
Carmen L. Christopher (CA Bar No. 231508)
Telephone: (202) 754-0329
carmen.christopher@cfpb.gov
Kristina D. Betts (AZ Bar No. 024859)
Telephone: (202) 834-2723
kristina.betts@cfpb.gov
Bureau of Consumer Financial Protection
1700 G Street, NW
Washington DC, 20552

*Attorneys for Plaintiff*
*Bureau of Consumer Financial Protection*