IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Bureau of Consumer Financial Protection, | ) | |
| | ) | Case No. 1:20-cv-06879 |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Judge Georgia N. Alexakis |
| | ) | |
| FDATR, Inc., *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT DEAN TUCCI'S MOTION TO DISMISS FOR WANT OF PROSECUTION**

On January 10, 2025, this Court granted the Bureau summary judgement in full as to Defendant Dean Tucci's liability in this action and requested additional briefing about remedies by February 11, 2025, later extending the deadline to March 13, 2025.[1] Before the February 11 deadline, however, Tucci inexplicably filed a Motion to Dismiss for Want of Prosecution on February 5, 2025, despite the Bureau's long history of diligently pursuing this matter. Tucci's motion has no merit and should be denied.

Under Rule 41(b), a defendant may move to dismiss an action if the plaintiff fails to prosecute the case or fails to comply with the Federal Rules of Civil Procedure or a court order.[2] Courts should exercise this sanction sparingly and "only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven

[1] ECF Nos. 105, 106. 113 (The Court also requested a Word version of the Bureau's proposed injunction order within 30 days of January 10, 2025, then at the Bureau's request moved the deadline to February 11, 2025). The Court has since granted an extension of the briefing memorandum and proposed order deadlines to March 13, 2025. ECF No. 120.

[2] Fed. R. Civ. P. 41(b).

unavailing."[3] There is no basis for dismissing this action. The Bureau has not missed a single deadline or court hearing, has not caused any delays, and has never been sanctioned by the Court.[4] Tucci points to no evidence of dilatory conduct by the Bureau. Instead, having never contacted Bureau counsel, he attempts to support his request with the contention that the Bureau is unable "to continue prosecuting this case" or "comply with a court order" ostensibly based on nothing more than his interpretation of information obtained from the media.[5] Tucci's speculation is refuted by the fact that the Bureau is timely filing this response as well as the remedies brief and proposed injunctive order requested by the Court. Tucci's motion to dismiss this action should be denied.

Dated: March 13, 2025

Respectfully submitted,

/s/ Carmen Christopher
Carmen L. Christopher (CA Bar No. 231508)
Telephone: (202) 754-0329
carmen.christopher@cfpb.gov
Kristina D. Betts (AZ Bar No. 024859)
Telephone: (202) 834-2723
kristina.betts@cfpb.gov
Bureau of Consumer Financial Protection
1700 G Street, NW
Washington DC, 20552

*Attorneys for Plaintiff*
*Bureau of Consumer Financial Protection*

---

[3] *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983); *see also Salata v. Weyerhaeuser Co.*, 757 F.3d 695, 699-700 (7th Cir. 2014); *Aura Lamp & Lighting Inc. v. Int'l Trading Corp.,* 325 F.3d 903, 908 (7th Cir. 2003) (applying the following principles to consideration of a Rule 41(b) motion to dismiss: the frequency and magnitude of the plaintiff's failure to comply with deadlines for the prosecution of the suit, the apportionment of responsibility for those failures between the plaintiff and his counsel, the effect of those failures on the judge's calendar and time, the prejudice if any to the defendant caused by the plaintiff's dilatory conduct, the probable merits of the suit, and the consequences of dismissal for the social objectives of the type of litigation that the suit represents).

[4] By contrast, the record is replete with Tucci's missed deadlines and court appearances. Tucci prolonged discovery with his noncompliance. *See* ECF Nos. 29, 37, 47, 53, 65, 67, 68, 70-73. Tucci repeatedly retained new counsel and each new counsel introduced additional delays. *See* ECF Nos. 13, 19 at 4-5, 23, 26, 33, 41, 42, 43, 87, 92, 97. Tucci failed to appear for court hearings. *See* Nos. 75, 91.

[5] ECF No. 116.