UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BUREAU OF CONSUMER FINANCIAL PROTECTION, | |
| Plaintiff, | No. 20 CV 6879 |
| v. | Judge Georgia N. Alexakis |
| FDATR, et al., | |
| Defendants. | |

### ORDER

On January 10, 2025, the Court entered summary judgment for plaintiff Bureau of Consumer Financial Protection[1] against defendant Dean Tucci on the issue of liability for violating the Consumer Financial Protection Act ("the Act") and the Telemarketing Sales Rule ("the TSR"). *See Bureau of Consumer Fin. Prot. v. FDATR, Inc.*, 20 CV 6879, 2025 WL 71734, at *6 (N.D. Ill. Jan. 10, 2025). A default judgment and order had previously been entered against defendant FDATR, Inc., [50]. The Court has already denied the previous motion Tucci's counsel brought to vacate that default judgment. *See* [113]; [136]. Tucci now moves again to vacate the default judgment against FDATR, more than three years after it was entered, and with it, the judgment the Court has entered more recently against him. [137].

For the reasons that follow, the Court denies Tucci's motion.

### STATEMENT

The Court laid out the relevant procedural and factual background in its memorandum opinion granting the Bureau's motion for summary judgment against Tucci. *See generally FDATR*, 2025 WL 71734. The Court also explained why the previous motion to vacate the default judgment against FDATR [111], filed by Tucci's counsel, lacked procedural and substantive merit at the January 30, 2025 hearing where the Court denied that motion. [113], [114]. The Court's reasoning included the requirement under Federal Rule of Civil Procedure 60(b)—the mechanism by which Tucci seeks to vacate the default judgment—that the motion "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). The Court also noted at the hearing that Tucci has not explained how he can bring a motion on FDATR's behalf despite his repeated representations to the Court that was no longer involved with the company.

---

[1] Now the Consumer Financial Protection Bureau.

*See, e.g.*, [111] at 3; [114] 3:21–24 ("How is Mr. Tucci directing you to enter an appearance on behalf of FDATR if, one, FDATR doesn't exist, but, two, you have told me that Mr. Tucci is not in fact responsible for FDATR.").

The second motion to vacate repeats the problems of the first. For example, Tucci argues that "[t]he order and judgment of default against FDATR was entered due to the excusable neglect of FDATR and Kenneth Wayne Halverson." [137] ¶ 3; [137-1] at 12. But, as the Court told Tucci's counsel at the January 30 hearing, this argument lacks merit because "a motion that's based on mistake, inadvertence, surprise or *excusable neglect*, which is the part of Rule 60(b) that you are hanging your hat on, needs to be brought within a year." [114] 18:14–19 (emphasis added); Fed. R. Civ. P. 60(c)(1).

Tucci again does not explain how he has standing to bring a motion to vacate the default judgment against FDATR. Tucci continues to assert that at the time this case was brought "he he no longer owned or was an officer of the corporation." [137-1] at 13, and in his reply concedes that "[t]he former officers of the corporation have no authority to act upon its behalf," [140] at 3.[2] Tucci could have tried to assert third-party standing, though the Supreme Court has "not looked favorably upon third party standing." *Kowalski v. Tesmer*, 543 U.S. 125, 130 (2004).

But Tucci does not make any third-party standing argument. Indeed, despite the Court's stated concerns about Tucci's standing at the January 30 hearing, the word "standing" does not appear at all in Tucci's briefing. Thus, despite ample warning from the Court, Tucci has waived any argument that he has standing to challenge the default judgment. *Schaefer v. Universal Scaffolding & Equip., LLC*, 839 F.3d 599, 607 (7th Cir. 2016) ("Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority."). This alone would be sufficient grounds to deny the motion.

Tucci does advance two new arguments in the current motion: that the Court lacked personal jurisdiction over FDATR because the Bureau did not properly serve the corporation in November 2020, and that the Bureau's February 2022 motion for default judgment is void because it was not directed to FDATR's "authorized agent." [137-1] at 7–11. The Bureau's summons to FDATR was served on Kenneth Wayne Halverson. [9]. The problem Tucci identifies is that Halverson was merely the

---

[2] Tucci also concedes that "he had, and probably has, no authority to appear on behalf of FDATR." [140] at 11.

2

president of FDATR rather than it's "registered agent,"[3] and as a result "[t]he Court lacks jurisdiction over FDATR because it was not served in compliance with the applicable State of Illinois rules governing service on a domestic corporation." [137-1] at 7–8.

Tucci's personal jurisdiction argument runs into two significant problems. First, as the Bureau notes, Rule 4 allows a corporation to be served "by delivering a copy of the summons and of the complaint to *an officer*." Fed. R. Civ. P. 4(h)(1)(B); [139] at 3. It is true that corporations may also be served according to state law, *see* Fed. R. Civ. P. 4(e)(1), (h)(1)(A), but the Illinois rules do not overrule the federal rules in federal court, so the undisputed fact that the Bureau served FDATR's summons on its president is sufficient to establish the Court's jurisdiction.

In addition, service was still proper even under "the applicable State of Illinois rules" Tucci relies on. Tucci cites—but does not quote—735 ILCS 5/2-204. *See* [137-1] at 7. Tucci's decision not to quote the statute is notable because it provides that "[a] private corporation may be served by leaving a copy of the process with its registered agent *or any officer or agent of the corporation found anywhere in the State*." 735 ILCS 5/2-204 (emphasis added). The Bureau's service on FDATR president Halverson, [9], was therefore proper also under Illinois law. Tucci's argument to the contrary is so meritless that it seems based on either an incredible mistake or intentional misrepresentation.

Tucci's argument that the default judgment is void for lack of valid service fails for similar reasons. As Tucci acknowledges, the Bureau served "FDATR at its last known address, served Tucci personally, and served Tucci through his attorney."[4] [140] at 5–6. Service by certified mail to FDATR's last known address was valid service of process under Rule 5. *See Trade Well Int'l v. United Cent. Bank*, 825 F.3d 854, 860 (7th Cir. 2016) ("[S]ervice of process was valid under Rule 5 because all documents were mailed to Trade Well's last known address.") (citing Fed. R. Civ. P. 5(b)(2)(C)). Not only that, but the Bureau gave ample notice of the anticipated default to Tucci, who did nothing. The district court previously assigned to this matter also provided Tucci with multiple opportunities to intercede on FDATR's behalf before default judgment was entered. *See* [40] at 5 (summarizing those instances) Even if Tucci could assert a personal jurisdiction defense on behalf of FDATR—which he cannot— "personal jurisdiction, unlike federal subject-matter jurisdiction, is waivable." *See ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 552 (7th

---

[3] Halverson is misidentified in one instance in the summons as FDATR's "registered agent" rather than its president, *see* [9] at 2, but this sort of minor error does not affect the validity of the summons. *See Durukan Am., LLC v. Rain Trading, Inc.*, 787 F.3d 1161, 1163 (7th Cir. 2015) ("A process server's affidavit identifying the recipient and when and where service occurred is prima facie evidence of valid service which can be overcome only by strong and convincing evidence.") (cleaned up).

[4] Halverson was deceased by this point.

3

Cir. 2001), as amended (July 2, 2001). Tucci does not explain why any such argument would not be waived under the circumstances here.

The Court stresses—just as it did when it denied Tucci's first motion to vacate the default judgment against FDATR—that even if it voided the default judgment against FDATR, that decision would not affect Tucci's liability. *See* [114] at 17–18. In his reply, Tucci contends that the summary judgment against him is infirm because the Bureau's "reliance on a default judgment entered against a codefendant is contrary to the long-established principle that a default judgment against one defendant does not preclude a codefendant from contesting the plaintiff's claim." [140] at 7. But nothing in that default judgment precluded Tucci from doing anything. As the Court noted in its summary judgment order, "Tucci's response to the Bureau's motion for summary judgment [did] not include *any* citations to the record—as are required by Federal Rule of Civil Procedure 56(c)—despite the unusually ample time he was provided to respond." *FDATR*, 2025 WL 71734, at *1; *see also id.* at n.2. Tucci also failed to abide by the Northern District's Local Rule 56.1. *Id.* Because of this failure to follow the rules, "the Court consider[ed] the properly supported facts in the Bureau's filings undisputed for the purpose of summary judgment." *Id*; *see* Fed. R. Civ. P. 56(e)(2); N.D. Ill. L.R. 56.1(e)(3) ("Asserted facts may be deemed admitted if not controverted with specific citations to evidentiary material."); *Schmidt v. Eagle Waste & Recycling, Inc.*, 599 F.3d 626, 630 (7th Cir. 2010). ("[A] district court may strictly enforce compliance with its local rules regarding summary judgment motions.").

Moreover, to the extent the Court relied the default judgment's factual findings, it did so after finding that they were "supported by uncontested evidence" presented by the Bureau. *FDATR*, 2025 WL 71734, at *2; *see also* [114] at 17–18. Tucci asks to "defend himself on the merits" but he squandered the opportunity to do so. Tucci had two years to prepare a summary judgment response that properly asserted a genuine dispute of material fact. He did not do so, and the Court "proceed[ed] as best [it could] on the merits with what little was offered." *Wonsey v. City of Chicago*, 940 F.3d 394, 399 (7th Cir. 2019). Tucci may now regret his deficient opposition brief, but that regret is not a basis to avoid the foreseeable consequences of that choice.

Tucci raises other new arguments in his reply. These are of course waived, *see Wonsey*, 940 F.3d at 398 ("[A]rguments raised for the first time in a reply brief are waived."), but Court addresses them to forestall future fruitless filings.

Tucci now argues that FDATR's dissolution in September 2020 renders service improper and the default judgment invalid because "Illinois statutes provide three means by which a dissolved corporation may be served. FDATR was not served through its registered agent. FDATR was not served at the registered office of the corporation on record …. FDATR was not served through the Secretary of State.

4

Therefore, FDATR was not served." [140] at 3–5. But the statute actually states that "[i]n the event of dissolution of a corporation … the registered agent … of the corporation on record with the Secretary of State … shall be *an* agent of the corporation upon whom claims can be served or service of process can be had." 805 ILCS 5/5.05. (emphasis added). The statute does not provide that the registered agent is the *only* person upon whom process could be served. Nothing in the statute indicates the Bureau could not serve Halverson under 735 ILCS 5/2-204 (allowing service to "any officer or agent of the corporation found anywhere in the State"), nor does Tucci cite any case to that effect.

Tucci also argues in his reply that the instant motion to vacate the default judgment *against FDATR* is timely because it was filed less than 30 days after the Court entered final judgment *against Tucci*. [140] at 9. But these are two different judgments against two different defendants. The judgment Tucci challenges now was entered on February 7, 2022. [50]. Rule 60(c) timeliness is based on "entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). The final judgment against Tucci may have motivated his (most recent) challenge to the default judgment against FDATR, but the date of the judgement against Tucci not legally relevant to the timeliness of a challenge to the default judgment against FDATR.

The Court gave Tucci ample opportunity to be heard on the merits at summary judgment. Tucci's dissatisfaction with the predictable result of his dilatory and procedurally deficient filings does not provide a legal basis to change that result. This case is done. Tucci is entitled to an appeal, but he is not entitled to file meritless motions in this Court ad infinitum.

## CONCLUSION

For the reasons stated above, the Court denies Tucci's motion to vacate the default judgment against FDATR and, with it, the final judgment against Tucci. [137]. Tucci and Tucci's counsel are again warned that filings unwarranted by existing law or based on frivolous arguments may result in sanctions, including monetary ones, either at the request of a party or on the Court's own initiative. Fed. R. Civ. P. 11(c)(2), (3). Sanctionable behavior includes refusal to accept a district court's rulings "without advancing... any [] viable argument." *Deere & Co. v. Deutsche Lufthansa Aktiengesellschaft*, 855 F.2d 385, 392–93 (7th Cir. 1988). This case remains terminated.

Date: 7/18/25

_____
Georgia N. Alexakis
U.S. District Judge